**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| RICKY VILLANUEVA, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD ROZUM, et al., | : | |
| Respondent | : | NO. 06-5564 |


## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                             June 27, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Ricky Villanueva ("Petitioner"), currently incarcerated at the State Correctional Institution in Somerset, Pennsylvania, seeks habeas relief based on the state courts' alleged constitutional errors and ineffective assistance of counsel. The Honorable Paul S. Diamond referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claims be DISMISSED and DENIED without a hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner was charged with and convicted of narcotics offenses arising from three separate criminal episodes that occurred in Berks County. Criminal Docket Number 5968-02 concerns Petitioner's conviction for narcotics found during his Parole Officer's October 23, 2002 search of his Reading residence. *Commonwealth v. Villanueva*, No. 5968-02, slip op. at 2-3 (Berks Co. March

---

[1]The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition, the Commonwealth's Memorandum in Support of its Answer to the Habeas Petition, inclusive of all exhibits thereto, Petitioner's Memorandum of Law, and the state court record.

4, 2004).  Docket Number 5969-02 concerns Petitioner's conviction for narcotics offenses based on a search warrant executed on July 23, 2002.  *Commonwealth v. Villanueva*, No. 5969-02, slip op. at 2-4 (Berks Co. March 4, 2004).  Case Number 6236-02 involves Petitioner's narcotics conviction for selling cocaine to Marcee Ayers on July 16, 2002.  *Commonwealth v. Villanueva*, No. 6236-02, slip op. at 2-3 (Berks Co. March 4, 2004).

Petitioner appealed all three convictions to the Pennsylvania Superior Court, which consolidated the appeals and affirmed all of his convictions and sentences on September 29, 2004.[2] *Commonwealth v. Villanueva*, Nos. 1869-71 Middle District Appeal 2003 (Pa. Super. Ct. Sept. 29, 2004) ("Super. Ct. Dir. App. op.").  Petitioner did not seek allowance of appeal in the Pennsylvania Supreme Court.  *Commonwealth v. Villanueva*, No. 1939 MDA 2005, slip op. at 4 (Pa. Super. Ct. June 2, 2006) ("Super. Ct. PCRA op.").

On March 24, 2005, Petitioner filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46.  Super. Ct. PCRA op. at 4.  Court appointed counsel filed a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988).  *Id.* The trial court allowed counsel to withdraw and dismissed the PCRA petition without a hearing. *Id.* at 4-5.  The Superior Court affirmed the trial court's decision on June 2, 2006.[3]  *Id.* at 16.  On

---

[2]On direct appeal, Petitioner argued that:  (1) the evidence adduced at trial was insufficient to support any of his convictions; and (2) the trial court erred by failing to suppress the physical evidence obtained as a result of the July 23, 2002 search warrant executed in No. 5969-02.  *Commonwealth v. Villanueva*, Nos. 1869-71 Middle District Appeal 2003, slip op. at 2 (Pa. Super. Ct. Sept. 29, 2004).

[3]On PCRA appeal, Petitioner argued that:  (1) trial counsel was ineffective for failing to present all appropriate facts to challenge the October 23, 2002 search of 620 Buttonwood Street executed by Petitioner's Parole Officer; (2) trial counsel was ineffective for failing to investigate the claim that Petitioner's fiancee would be arrested if Petitioner did not admit the narcotics found at 620 Buttonwood Street were his; (3) (a) trial counsel was ineffective for failing to assert a defense on Petitioner's behalf and for requiring Petitioner to admit possession of the narcotics, (b) direct appellate counsel was ineffective for failing to investigate Petitioner's claims of trial counsel's ineffectiveness and for failing to file a brief in compliance with Pa. R. App. P. 2117, 2119, (c) PCRA counsel was ineffective for failing to conduct any investigation, interview any witnesses or raise the ineffective assistance of trial and direct appellate counsel; and (4) a remand and appointment of new counsel were required because the record was devoid of the strategic basis for any decision made by trial or direct appellate counsel and PCRA counsel provided no assistance to Petitioner.  Super. Ct. PCRA op. at 5-6.

September 25, 2006 Petitioner filed a *nunc pro tunc* petition for allowance of appeal.  App. to

Answer at 344-45.  This request was denied on November 9, 2006.  *Id.* at 346.

The instant petition for federal habeas corpus relief, filed on December 21, 2006, alleges:

> Ground One - the evidence adduced at trial was insufficient to support the verdicts reached;
>
> Ground Two - the October 23, 2002 search of Petitioner's residence at 620 Buttonwood Street was made in violation of the Fourth Amendment;
>
> Ground Three - trial counsel rendered ineffective assistance during the suppression hearing by failing to present all relevant and appropriate evidence to challenge the October 23, 2002 search of Petitioner's residence at 620 Buttonwood Street;
>
> Ground Four - trial counsel rendered ineffective assistance by failing to investigate the claim that Petitioner's fiancee would be arrested if Petitioner did not admit that the narcotics found at 620 Buttonwood Street were his;
>
> Ground Five - trial counsel rendered ineffective assistance by failing to assert a defense on Petitioner's behalf and for requiring Petitioner to admit possession of the narcotics;
>
> Ground Six - direct appellate counsel rendered ineffective assistance by failing to investigate Petitioner's claims of trial counsel's ineffectiveness and for failing to file a brief in compliance with Pa. R. App. P. 2117, 2119;
>
> Ground Seven - PCRA counsel rendered ineffective assistance by failing to raise the ineffective assistance of trial and direct appellate counsel;
>
> Ground Eight - the Pennsylvania Superior Court erred by failing to remand the PCRA petition to the trial court and to appoint new counsel where the record was devoid of the strategic basis for any decision made by trial or direct appellate counsel; and
>
> Ground Nine - the ineffective assistance of all prior counsel provides cause and prejudice for any grounds that are procedurally defaulted.

Petition ("Pet.") at 9 (reverse); Pet'r's Mem. of Law at 1-15.   The Commonwealth contends that Petitioner's claims should be dismissed as procedurally defaulted or denied as meritless.   *See* Commw.'s Mem. in Support at 1-12.   This court agrees.

## II. DISCUSSION

### A.    Non-Cognizable claims - Grounds Seven and Eight

Federal Habeas relief is only available for violations of the Constitution, laws or treaties of the United States.   28 U.S.C. § 2254(a).   For this reason, claims based upon state law are not cognizable.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).   Further, habeas review concerns only proceedings that resulted in the petitioner's conviction, not occurrences during state collateral proceedings.  *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).   For this reason, claims premised upon delay or other problems encountered in obtaining state collateral relief are inappropriate grounds for granting habeas relief.   *See id.*   Moreover, the federal habeas statute specifically excludes claims of ineffective assistance of state collateral counsel. 28 U.S.C. § 2254(i). Inasmuch as grounds seven and eight are based on errors during PCRA proceedings, both are non-cognizable and should be dismissed without review.  *See* 28 U.S.C. § 2254(i); *Hassine*, 160 F.3d at 954.

### B.    Unexhausted Claims - Grounds Two, Four, Five and Six

1.    Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief.   28 U.S.C. § 2254(b)(1)(A).   The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court and the Pennsylvania

Supreme Court.  *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek allowance of appeal from the Pennsylvania Supreme Court in order to exhaust state remedies.  *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

If a habeas petitioner has presented his claim to the state courts but the state courts have declined to review the claim on its merits because the petitioner failed to comply with a state rule of procedure when presenting the claim, the claim is procedurally defaulted.  *See Harris v. Reed*, 489 U.S. 255, 262-63 (1989).  When a state court has declined to review a claim based on a procedural default and the claim is not later addressed on the merits by a higher court, the habeas court must presume that the higher state court's decision rests on the procedural default identified by the lower state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  Finally, when a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim because of a state procedural rule, the claim is procedurally defaulted.[4]  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

2.      Excuse

Procedurally defaulted claims cannot be reviewed unless "the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.  In order to demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the

---

[4]A common reason Pennsylvania courts would decline to review a claim that has not been presented previously is the expiration of the statute of limitations for state collateral review.  *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001).

state's procedural rule." *Id.* at 753 (citation omitted). Examples of cause include: (1) a showing that the factual or legal basis for a claim was not reasonably available; (2) a showing that some interference by state officials made compliance with the state procedural rule impracticable; or (3) attorney error that constitutes ineffective assistance of counsel. *Id.* at 753-54.

The fundamental miscarriage of justice exception is limited to cases of "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995). In order to demonstrate that he is "actually innocent," the petitioner must present new, reliable evidence of his innocence that was not presented at trial.[5] *Id.* at 316-17, 324. The court must consider the evidence of innocence presented along with all the evidence in the record, even that which was excluded or unavailable at trial. *Id.* at 327-28. Once all this evidence is considered, the petitioner's defaulted claims can only be reviewed if the court is satisfied "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

3.     Grounds Two, Four, Five, Six and Nine

The Commonwealth argues that Petitioner's second, fifth and sixth grounds are unexhausted and procedurally defaulted. *See* Commw.'s Mem. in Support at 4-11. As will be explained, the court agrees and also finds that ground four is procedurally defaulted.

Ground two, which challenges the October 23, 2002 search of Petitioner's residence at 620 Buttonwood Street, was raised in a pre-trial suppression motion, but was not pursued on direct appeal or during PCRA proceedings.[6] *See supra* nn. 2-3. Thus, it is unexhausted, *see Lambert*, 387 F.3d at 233-34, and, since Petitioner failed to pursue it on direct appeal, waived under Pennsylvania

---

[5] This evidence need not be directly related to the habeas claims the petitioner is presenting because the habeas claims themselves need not demonstrate that he is innocent. *See Schlup*, 513 U.S. at 315.

[6] On direct appeal, Petitioner, instead, challenged the search warrant executed on July 22, 2002. *See supra* n.2.

law as well. *See* 42 Pa. C.S.A. § 9544(b). Moreover, Petitioner is unable to raise the ground in a new PCRA petition because the PCRA statute of limitations has expired for him.[7] For these reasons, ground two is procedurally defaulted. *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001) (holding that grounds which are time-barred under the PCRA are procedurally defaulted); *Riley v. Lavan*, Civ. A. No. 04-2577, 2005 WL 1995462, *2 (E.D. Pa. Aug. 16, 2005) (holding that grounds waived under the PCRA are procedurally defaulted).

Petitioner raised grounds four, five and six in his PCRA appeal. *See* Super. Ct. PCRA op. at 5-6. However, the Superior Court deemed these three grounds waived for various procedural reasons.[8] *See id.* at 14-15 & n.7. Thus, these grounds are procedurally defaulted as well. *See Harris v. Reed*, 489 U.S. at 262-63 (a habeas claim is procedurally defaulted when the state court refuses to address its merits because of the petitioner's failure to comply with a state procedural rule).

To avoid the default Petitioner has not presented any new, reliable evidence of his actual innocence. However, in ground nine, he contends that the ineffective assistance of all prior counsel should excuse his procedural default. The court will consider this contention.

Ground six involves the ineffective assistance of direct appellate counsel. The only counsel whose conduct might excuse the default of this ground is PCRA counsel. However, ineffective assistance of PCRA counsel is not a cognizable ground under the habeas statute, 28 U.S.C. § 2254(i), and the Supreme Court has held that it cannot excuse the procedural default of a habeas ground.

---

[7]On direct appeal, the Superior Court affirmed Petitioner's convictions and sentences on September 29, 2004. He did not seek allowance of appeal within the thirty days allowed by Pa. R. App. P. 1113(a). Therefore, his conviction became final on October 29, 2004. *See* 42 Pa. C.S.A. § 9545(b)(1), (3). Petitioner's time to file a PCRA petition expired one year later, on October 29, 2005. *See* 42 Pa. C.S.A. § 9545(b)(1).

[8]The Superior Court found ground four was waived because it was not raised in the PCRA petition but only on appeal. Super. Ct. PCRA op. at 14-15. The court found grounds five and six were waived for the same reason and because they had not been presented in Petitioner's statement of grounds raised on appeal as required by Pa. R. App. P. 1925(b). *Id.* at 15 n.7.

*Coleman v. Thompson*, 501 U.S. at 752-53.

Grounds four and five involve the ineffective assistance of trial counsel. Petitioner could maintain that the ineffective assistance of direct appellate counsel in failing to raise these grounds excuses their procedural default. However, in order to do so, such a ground would itself have to be properly exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Petitioner has failed to do so. *See supra* nn.2-3. Thus, grounds four and five cannot be determined now.

Trial counsel properly raised ground two in a pre-trial suppression motion. S*ee Commonwealth v. Villanueva*, No. 5968-02, Defendant's Omnibus Pre-Trial Motion at 2-4 (Berks Co.). Therefore, there can be no claim of trial counsel's ineffective assistance in failing to preserve the ground. However, Ground two was not raised in the direct appellate brief. *See Commonwealth v. Villanueva*, Nos. 1869-71 MDA 2003, Brief of Appellant at 12-15 (Pa. Super. Ct.). Thus, Petitioner could argue that direct appellate counsel was ineffective in failing to raise the ground. However, Petitioner has not exhausted such a claim. *See supra* nn.2-3. His failure to do so means this court cannot excuse the procedural default of ground two.[9] *See Edwards v. Carpenter*, 529 U.S. at 451-52.

C.    **Exhausted Claims - Grounds One and Three**

1.    AEDPA Standard of Review

The habeas statute, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that this court cannot grant habeas relief on a claim that has been adjudicated by a state court unless the state court's adjudication of the claim:

---

[9] Even if Petitioner were to argue that PCRA counsel was ineffective for failing to pursue this ground in the PCRA petition, he could not excuse the default of it. *See Coleman v. Thompson*, 501 U.S. at 752-53 (holding that the ineffective assistance of state collateral counsel cannot provide cause to excuse a procedurally defaulted habeas ground).

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The habeas statute also requires any findings of fact made by the state court to be presumed to be correct; Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court's adjudication of a claim is contrary to United States Supreme Court precedent if the state court has applied a rule that contradicts the governing law set forth in Supreme Court precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). In determining whether a state court's decision was contrary to Supreme Court precedent, the habeas court should not be quick to attribute error. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*). Instead, state court decisions should be "given the benefit of the doubt." *Id.* In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.*

If, however, the state court does correctly identify the governing United States Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate. *Williams v. Taylor*, 529 U.S. at 406. A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court applies the correct law unreasonably to the facts of the

petitioner's case.  *See id.* at 407-08.  In making its unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable.  *See id.* at 409.  The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect, it must be convinced that the state court's adjudication of the claim was objectively unreasonable.  *See id.* at 411.  When deciding whether a state court's application of Supreme Court precedent was unreasonable, it is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent.  *See Marshall v. Fredericks*, 307 F.3d 36, 71 n.24 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104 n.8 (3d Cir. 2001).

The Supreme Court, addressing the AEDPA's factual review provisions in *Miller-El v. Cockerell*, 537 U.S. 322 (2003), interpreted  § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *See id.* at 340.  Yet, the habeas court can "disagree with a state court's credibility determination."  *See id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 528 (2003) (rejecting state court's factual determination under § 2254(e)(1) and § 2254(d)(2)).  If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted under § 2254(d)(2).[10]  *See Lambert,* 387 F.3d at 235.

---

[10]Within the overarching standard of § 2254(d)(2), a petitioner may attack specific factual determinations made by the state court that are subsidiary to the ultimate decision.  *See Lambert*, 387 F.3d at 235.  Section 2254(e)(1) instructs that the state court's factual determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence.  *See id.*  A petitioner may develop clear and convincing evidence by way of a hearing in federal court if he satisfies the prerequisites for that hearing found in 28 U.S.C. § 2254(e)(2).  *See Lambert*, 387 F.3d at 235.  In the final analysis, even if some of the state court's individual factual determinations are overturned, the remaining findings must still be weighed under the overarching standard of § 2254(d)(2).  *See id.* at 235-36.

2.     Ground One-Sufficiency of the Evidence

In ground one, Petitioner argues that the evidence adduced at trial was insufficient to sustain his convictions. This ground was exhausted by presentation to and adjudication by the Superior Court which adopted the trial court's opinions. Super. Ct. Dir. App. op. at 2-4. Therefore, the court will review ground one under the AEDPA standard of review.

The trial court, as finder of fact, issued separate opinions resolving each of Petitioner's sufficiency challenges to his three convictions. The sufficiency standard used was:

> "'whether, viewing all evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.' The prerogative of the fact finder is to believe all, part, or none of the evidence presented."

*Commonwealth v. Villanueva*, No. 5968-02, slip op. at 2 (Berks. Co. March 4, 2004) (quoting *Commonwealth v. Yanoff*, 690 A.2d 260, 263 (Pa. Super. Ct. 1997)) ("No 5968-02"); *Commonwealth v. Villanueva*, No. 5969-02, slip op. at 2 (Berks. Co. March 4, 2004) (same) ("No. 5969-02"); *Commonwealth v. Villanueva*, No. 6236-02, slip op. at 2 (Berks. Co. March 4, 2004) (same) ("No. 6236-02").

In case number 5968-02, the trial court noted that the Commonwealth was required to prove that Petitioner:  (1) possessed cocaine; and (2) possessed cocaine with the intent to deliver. No. 5968-02 at 2. The court considered evidence that Parole Agent Gerald Loeper searched Petitioner's residence on October 23, 2002 and found two bags of cocaine, one smaller than the other, two scales, a cutting agent, and packaging materials. *Id.* at 3. Petitioner also had admitted to Criminal Investigator Pasquale Leporace ("C.I. Leporace") that the cocaine belonged to him. *Id.* C.I.

Leporace testified that, based on the foregoing evidence, Petitioner possessed the cocaine with intent to deliver. *Id.* The court then reviewed trial testimony, wherein Petitioner admitted ownership of the smaller bag of cocaine and his purchase of the cutting agent found, but expressed surprise at the large amount of cocaine in the second bag. *Id.* The court found his testimony in the latter regard incredible. *Id.* Therefore, viewing the evidence in a light most favorable to the Commonwealth, the court found sufficient evidence to convict Petitioner. *Id.* at 4.

To sustain Petitioner's conviction in case number 5969-02, the Commonwealth was again required to prove that Petitioner possessed cocaine with the intent to deliver. No. 5969-02 at 2. The evidence adduced at trial indicated that, on July 23, 2002, State Police Corporal Todd Harris and other law enforcement officials executed a search warrant for Petitioner and his car. *Id.* at 3. The search yielded a Tarita digital scale, a clear plastic sandwich bag containing cocaine, and sixteen, individual, yellow, plastic bags containing cocaine; the cocaine weighed a total of fifteen and one-half grams. *Id.* State Police Trooper Corey Remp, a drug trafficking expert, stated that, in his opinion, Petitioner possessed the cocaine with intent to deliver. *Id.* The cocaine in Petitioner's possession had a street value of approximately five hundred dollars and Petitioner had eight hundred fifty-one dollars on his person. *Id.* Samuel Fiorini testified at trial that he had met Petitioner in the car to purchase one-half ounce of cocaine for four hundred fifty dollars and was reaching into his pocket to make payment when the police approached the car and executed the search. *Id.* The court stated it found Mr. Fiorini's testimony to be credible. *Id.* at 3-4. This evidence, viewed in the light most favorable to the Commonwealth, the court found sufficient to sustain Petitioner's conviction. *Id.* at 4.

Finally, in case number 6236-02, the trial court noted that the Commonwealth was required

-12-

to prove that Petitioner delivered cocaine. No. 6236-02 at 2. At trial, State Police Trooper Teresa Cloman testified that, on July 16, 2002, an informant, Marcee Ayers, negotiated a drug transaction in her presence. *Id.* Trooper Cloman, Ms. Ayers, and other members of the surveillance team then traveled to a McDonald's restaurant. *Id.* Within a few minutes, Petitioner drove up; Ms. Ayers entered his car for approximately thirty seconds to a minute and then re-entered her car. *Id.* at 2-3. Trooper Cloman followed Ms. Ayers' car to a pre-determined location where Ms. Ayers gave Trooper Cloman a pink packet containing forty-two hundredths of a gram of cocaine. *Id.* 3. Ms. Ayers testified that she had purchased crack cocaine from the Petitioner previously as well as on July 16, 2002. *Id.* The trial court expressly found Ms. Ayers' testimony credible. *Id.* Again, viewing this evidence in a light most favorable to the Commonwealth, the state court found the evidence sufficient to affirm Petitioner's conviction. *Id.*

The federal standard for sufficiency of the evidence to sustain a conviction was announced in *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson*:

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction ... does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt'. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the fact finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review, *all of the evidence* is to be considered in the light most favorable to the prosecution.

*Jackson*, 443 U.S. at 318-19 (citations omitted) (emphasis as in original). In addition, where

-13-

historical facts support conflicting inferences, a habeas court engaging in sufficiency of the evidence review must presume that the trier of fact resolved those conflicts in favor of the prosecution. *Id.* at 326. Finally, because the elements of the criminal offense are defined by state law when applying the sufficiency of the evidence test in a habeas case, the habeas court must consider the types of evidence the state courts deem relevant to proving the elements of the offense at issue.[11] *Jackson*, 443 U.S. at 324.

The standard of review the state trial court applied is, thus, virtually identical to the appropriate federal standard, even though the trial court did not cite *Jackson v. Virginia*. As *Jackson* required, the trial court viewed the evidence in the light most favorable to the Commonwealth to determine if it, as the fact finder, could find each element of each charged offense. Since in essence the trial court applied *Jackson v. Virginia*, its adjudication of Petitioner's claim was not contrary to Supreme Court precedent.

Next, Petitioner's claim requires review under § 2254's unreasonable application clause. *Cf. Williams v. Taylor*, 529 U.S. at 406 (noting that, when the state court identifies the correct legal rule from Supreme Court precedent, its decision will not be "contrary to" Supreme Court precedent and must be analyzed under the "unreasonable application" clause). This court finds that the trial court's decision was a reasonable application of the *Jackson* standard. As noted above, the trial court applied the correct standard and, as the fact finder, it drew properly supported factual conclusions regarding each of Petitioner's convictions. Accordingly, this court must presume the trial court's fact findings to be correct and binding, *see* 28 U.S.C. § 2254(e)(1), inasmuch as Petitioner has not rebutted them. *Id.* Based upon those findings and the other evidence the trial court summarized, the

---

[11]The Third Circuit has held that, when applying the sufficiency of the evidence test, the habeas court should "look to the evidence the state considers adequate to meet the elements of a crime governed by state law." *Jackson v. Byrd*, 105 F.3d 145, 149 (3d Cir. 1997).

trial court's adjudication of Petitioner's sufficiency challenges was reasonable and must be sustained under § 2254(d)(1) and (d)(2).

     3.     <u>Ground Three-Ineffective Assistance of Counsel</u>

In his third claim, Petitioner argues that trial counsel rendered ineffective assistance by failing to present *all* relevant and appropriate evidence to challenge the October 23, 2002 search of his home.  Petitioner maintains that trial counsel should have called additional witnesses to establish that: (1) the consent to search 620 Buttonwood was invalid, because neither he nor his fiancee, Lisa Baez, owned the property; and (2) the property had other occupants, therefore, the cocaine could have belonged to someone else.  *See* Pet'r's Mem. of Law at 11-15.  This ground, fairly presented to the state courts in a PCRA petition and appeal to the Superior Court, is ripe for AEDPA review. Super. Ct. PCRA op. at 8-14.

The Superior Court noted that the Pennsylvania standard for ineffective assistance requires the court to consider first whether the claim forgone has arguable merit, because counsel will not be deemed ineffective for failing to pursue a meritless claim.  *Id.* at 9.  Next, the court must consider whether counsel had a reasonable basis for foregoing the claim.  *Id.*  Finally, if counsel did not, then the court must determine if the defendant was prejudiced by counsel's failure.  *Id.*

The Superior Court applied this standard and concluded that the underlying state law ownership issue lacked arguable merit because a parole officer is authorized to search a parolee's residence without consent from the owner of the building.  *Id.* at 10-11.  Thus, trial counsel was not ineffective.  *Id.* at 11.  With respect to Petitioner's contention that trial counsel should have called additional witnesses to prove that other occupants of the home might have possessed the cocaine found therein, the Superior Court concluded that counsel had specifically questioned Petitioner's

parole officer about those other residents at the suppression hearing. *Id.* at 11-12. Since counsel had presented the argument Petitioner alleged he ignored, the court found no factual basis for Petitioner's claim. *Id.* at 12.

Petitioner's claim of ineffective assistance of counsel must be evaluated against the two-part federal test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

Second, Petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687. That is, Petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.* at 694, but it is less than a preponderance of the evidence. *Id.* at 693, 694.

If Petitioner fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Id.* at 697. Further, counsel will not be deemed ineffective for failing to present a meritless claim or objection. *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir.

-16-

1998); *Moore v. Deputy Commrs. of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991).

The Third Circuit has determined that the Pennsylvania test for ineffective assistance does not contravene the *Strickland* test. *Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005) (citing *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000)).   Since the Superior Court's adjudication of Petitioner's ineffective assistance claim was not contrary to Supreme Court precedent, the claim requires review under § 2254(d)(1)'s unreasonable application clause. *Jacobs*, 395 F.3d at 106 n.9.

The Superior Court concluded that, under Pennsylvania law, Petitioner's parole officer was not required to obtain the consent of the owner of his residence in order to validly search the residence.  Super. Ct. PCRA op. at 10-11.  This court is bound by this state law determination. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Thus, as the Superior Court found, Petitioner has raised a meritless claim that trial counsel was ineffective.  The Third Circuit, like the Superior Court, has held that counsel cannot be ineffective for failing to raise a meritless claim.  *Parrish v. Fulcomer*, 150 F.3d at 328-29; *Moore v. Deputy Commrs. of SCI-Huntingdon*, 946 F.2d at 245. Accordingly, the Superior Court's adjudication of the first part of Petitioner's claim was a reasonable application of Supreme Court precedent.[12]  *See Marshall v. Fredericks*, 307 F.3d at 71 n.24 (allowing consideration of lower federal court decisions to determine if a state court reasonably applied Supreme Court precedent); *Moore v. Morton*, 255 F.3d at 104 n.8 (same).

The Superior Court resolved Petitioner's third claim by finding that counsel had in fact pursued the line of inquiry Petitioner faulted him for omitting.  Super. Ct. PCRA op. at 11-12.  It is certainly reasonable to conclude that an ineffective assistance claim lacks merit when it lacks factual support.  Counsel is presumed to be effective, *Strickland,* 466 U.S. at 689-90, and Petitioner has the

---

[12]Petitioner advances no basis for relief under § 2254(d)(2).

burden of demonstrating otherwise by proving each part of the *Strickland* test. *Id.* at 690, 693. Thus, it is reasonable to conclude, as the Superior Court did, that Petitioner cannot prevail when his claim of ineffective assistance is refuted by the facts. In light of the record before the Superior Court it was reasonable for it to conclude that counsel had pursued the line of inquiry Petitioner seeks to fault him for omitting. Therefore, Petitioner cannot be afforded relief under either § 2254(d)(1) or (d)(2).

### III.      CONCLUSION

All of Petitioner's claims are procedurally defaulted or lack merit. Further, reasonable jurists would not debate the appropriateness of this court's procedural or substantive dispositions of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

### RECOMMENDATION

AND NOW, this 27th day of June, 2007, for the reasons contained in the preceding report, it is hereby RECOMMENDED that Petitioner's claims be DISMISSED and DENIED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural or substantive rulings debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

It be so **ORDERED**.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE