IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY VILLANUEVA | : | |
| | : | |
| v. | : | CIV. NO. 06-5564 |
| | : | |
| GERALD ROZUM, et al | : | |

**O R D E R**

AND NOW, this 28th day of January 2008, upon consideration of the Petition for Writ of Habeas Corpus, Respondent's Answer, the Report and Recommendation of the Magistrate Judge, Petitioner's Objections to the Report and Recommendation, the Commonwealth's Responses, and all related submissions, it is ORDERED and DECREED:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

5. The Clerk of Court shall close this matter for statistical purposes.

I.  BACKGROUND

After a bench trial in the Berks County Court of Common Pleas, Petitioner Ricky Villanueva was convicted of various narcotics offenses arising from: (1) a search of Petitioner's residence on October 23, 2002. <u>Commonwealth v. Villanueva</u>, No. 5968-02, slip op. at 2-3 (Berks Co. March 4, 2004);  (2) a search conducted pursuant to a warrant on July 23, 2002. <u>Commonwealth v. Villanueva</u>, No. 5969-02, slip op. at 2-4 (Berks Co. March 4, 2004); and (3)

1

the sale of cocaine on July 16, 2002.  Commonwealth v. Villanueva, No. 6236-02, slip op. at 2-3 (Berks Co. March 4, 2004).  After pursuing various appeals in state court, on December 21, 2006, Petitioner filed a *pro se* habeas petition in which he raised nine separate "Grounds" for issuing the writ.  28 U.S.C. § 2254.  (Doc. No. 1.)  On March 13, 2007, the Commonwealth filed an Answer.  (Doc. No. 8.)  On June 27, 2007, the Magistrate Judge issued a Report recommending that I deny the Petition.  (Doc. No. 13.)  On July 11, 2007, Petitioner objected to the Magistrate Judge's rulings on Grounds One, Two, and Three.  (Doc. No. 15.)  On July 16, 2007, Petitioner re-filed the same Objections.  (Doc. No. 16.)  On September 21, 2007, the Commonwealth responded to Petitioner's Objections.  (Doc. No. 18.)  On January 15, 2008, the Commonwealth supplemented its Response to Petitioner's Objections.  (Doc. No. 20.)

**II.     STANDARD OF REVIEW**

The extent of my review of a Magistrate Judge's report is committed entirely to my discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa., 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole of in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo* those portions of the Report to which specific objection is made.  28 U.S.C. § 636(b)(1)(C); see generally Goney, 749 F.2d at 6-7.

**III.     PETITIONER'S OBJECTIONS**

The Magistrate Judge thoughtfully and correctly addressed each of Petitioner's nine "Grounds."  Accordingly, I accept those portions of the Magistrate Judge's Report and Recommendation to which Petitioner has not objected.  I will review *de novo* those portions of the Report and Recommendation to which any objection has been made.

1.     **Ground One: Sufficiency of the Evidence**

Although I have construed Petitioner's *pro se* Objections liberally, they are nonetheless difficult to understand.  He appears to argue that the Magistrate Judge did not address his contention that the "Commonwealth had to prove [that all of] the 132 grams of powdery substance that the petitioner was charged with [possessing] was in fact cocaine . . . . " (Doc. No. 16 at 4.)  Petitioner also contends that the Commonwealth failed to prove at trial that he had the intent to deliver cocaine.  Finally, Petitioner argues that there was insufficient evidence linking him to the gym bags in which the police found cocaine and other drug-related items.  I will address each of these arguments in turn.

As the Magistrate Judge correctly notes, none of the offenses with which Petitioner was charged required the Commonwealth to prove the weight of the controlled substance.  Petitioner was convicted of possession with intent to deliver under 35 P.S. § 780-113(a)(30).  The statute does not require proof of the weight of the cocaine as an element of the crime.  (Doc. No. 20 at 1.)  There was thus sufficient evidence to convict Petitioner of all the charges.  (Doc. No. 13 at 11-15.)

Moreover, the Commonwealth properly proved the total amount of drugs Petitioner possessed by " testing representative samples of large quantities of drugs and extrapolating

3

therefrom the total narcotic content of illegal substances . . . ." Commonwealth v. Johnson, 920 A.2d 873, 880 (Pa. Super. 2007); see also United States v. McCutchen, 992 F.2d 22 (3d Cir. 1993) (extrapolating drug quantity is permissible if it is determined in a manner consistent with accepted standards of reliability).

Petitioner's second argument likewise fails. As the Magistrate Judge correctly concluded, there was sufficient evidence to convict him of possession with intent to deliver. (Doc. No. 13 at 11-15.) For example, Petitioner admitted ownership of one of the bags of cocaine the police seized, and also admitted purchasing the cutting agent. (Doc. No. 13 at 11-12.)

As for Petitioner's third argument, I agree with the Magistrate Judge that there was sufficient evidence to connect Defendant to the gym bags. See Doc. No. 13 at 8-15; see also Miller-El v. Cockerell, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings").

Accordingly, I overrule Petitioner's Objections to the Report and Recommendation with respect to Ground One.

### 2.  Ground Two: Search of Petitioner's Residence

Petitioner objects to the Magistrate Judge's determination that Ground Two was procedurally defaulted. Petitioner argues that: (1) the Magistrate Judge failed to address his contention in Ground Nine -- that procedural default should be excused because all his counsel were ineffective; and (2) the claim was not defaulted because the Superior Court addressed the underlying issue on the merits. I disagree.

Because Petitioner did not pursue Ground Two on direct appeal or during PCRA

proceedings, it is procedurally defaulted.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001); see also Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).  Furthermore, contrary to Petitioner's assertion, the Magistrate Judge addressed (correctly, in my view) why that default is not excused by Petitioner's ineffectiveness allegation.  See Doc. No. 13 at 8.  Lastly, Petitioner's argument that the Superior Court addressed the search and seizure issue is incorrect: The Court addressed only whether Petitioner's trial counsel was ineffective for not pursuing the issue.  See App. at 334-340.  Accordingly, I will deny Petitioner's Objection because the Magistrate Judge correctly concluded that Ground Two is procedurally defaulted.

   **3.**    **Ground Three: Ineffective Assistance**

  The Magistrate Judge rejected Petitioner's claim that his counsel was ineffective for failing to present additional evidence at the suppression hearing to challenge the search of Petitioner's residence.  Petitioner argues that this conclusion is incorrect because his counsel should have called witnesses to establish that his Parole Officer did not have proper consent to search Petitioner's entire residence.  The Magistrate Judge correctly concluded, however, that this would have been futile.  Petitioner was a parolee, and had signed a form consenting to all searches of his residence by parole officers.  Accordingly, Petitioner cannot satisfy the requirements of Strickland v. Washington, 466 U.S. 668 (1984).  (Doc. No. 13 at 15-18.)  Thus, I will overrule Petitioner's Objection.

## IV.     CONCLUSION

For the reasons stated, I overrule Petitioner's Objections and accept and adopt the Magistrate Judge's Report and Recommendation.

                                        IT IS SO ORDERED.

                                        /s/ Paul S. Diamond

                                        _____
                                        Paul S. Diamond, J.